IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RUFUS C ROCHELL,

    Plaintiff,

v.                                                        CASE NO. 1:14-cv-31-MP-GRJ

U.S. SENIOR JUDGE MAURICE M. PAUL;
AUSA LYNDIA P. SPEARS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner presently confined at FCC Coleman -Low, initiated this case by filing a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Doc. 1.  This case is before the Court for screening pursuant to 28 U.S.C § 1915A.  Plaintiff has neither paid the $350.00 civil rights filing fee nor filed a motion for leave to proceed as a pauper.  Because the allegations of the Complaint are plainly frivolous, the Court concludes that the case is due to be dismissed and it is unnecessary to require Plaintiff to correct this deficiency.

The Complaint stems from Plaintiff's conviction in this Court of possession with intent to distribute cocaine base and conspiracy to possess with intent to distribute controlled substances in violation of  21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.  See *United States v. Rochell*, Case. No. 1:88-cr-1007-MP-GRJ.  Plaintiff was sentenced in October 2008 to a term of 420 months imprisonment.   His conviction and sentence were affirmed in 1989.  Defendant filed a motion to vacate in April of 1997 (*id*. Doc. 626) which was denied.  *Id.* Docs. 731, 758.  In 2006, Defendant filed a document that

was construed as a § 2255 motion and denied as successive. *Id.* Docs. 1093, 1097, 1103. Another § 2255 motion challenging his conviction was denied in January 2014. *Id*. Doc. 1542. Plaintiff also has been denied relief from the conviction under 28 U.S.C § 2241. *See Rochell v. Holder*, Case No. 5:05-cv-58-Oc-10GRJ (M.D. Fla. July 25, 2005). Plaintiff has filed numerous other miscellaneous requests for postconviction relief, all of which have been denied. *See Rochell*, Case. No. 1:88-cr-1007-MP-GRJ.

The only named Defendants in the Complaint are U.S. District Judge Maurice M. Paul, the presiding judge in Plaintiff's criminal case, and former Assistant United States Attorney Lyndia P. Spears, one of the prosecutors in the case. Plaintiff contends that his constitutional rights under the 5th, 6th, and 14th Amendments were violated during his trial in connection with the Court's evidentiary rulings. Plaintiff further contends that his sentence violated his rights under the Fair Sentence Act of 2010, his constitutional right to equal protection, and his rights under the 5th and 8th Amendments. For relief, Plaintiff seeks damages in the amount of $50 million dollars, "or in the alternative trial by a jury of his peers" . Doc. 1.

Although Plaintiff asserts a right to monetary relief, it is clear that he is challenging the fact and/or duration of his conviction and confinement. Such claims must be pursued by way of a § 2255 motion or habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus."). Because Plaintiff has repeatedly been denied postconviction relief, there is no basis for construing the instant Complaint as a habeas corpus petition

because it would be subject to immediate dismissal as successive.

Moreover, any claim for civil damages against the presiding judge and prosecutor are barred by immunity doctrines.  The judicial function and prosecutorial function are cloaked with absolute immunity, with certain narrow exceptions.  See *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). ("Prosecutors have absolute immunity from civil damages suits under section 1983 for actions intimately associated with the judicial phase of the criminal process.").  There is no allegation in the Complaint suggesting that this case would fall within any exceptions to the immunity doctrine, nor does the record reflect that any such allegation would have any conceivable merit.

Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss the complaint if it is "(1) frivolous . . . or (2) seeks monetary relief from a defendant who is immune from such relief."  Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given."  See Fed.R.Civ.P. 15(a).  Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  In this case, it is clear that the facts and circumstances relied upon by Plaintiff are not a proper subject for relief in a civil rights complaint, and amendment would be futile.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed with

prejudice pursuant to 28 U.S.C. § 1915A because the Complaint is frivolous and Plaintiff seeks monetary relief against a defendant who is immune from suit. Such dismissal will count as a "strike" pursuant to 28 U.S.C § 1915(g). If Plaintiff accumulates three strikes, he will be barred from proceeding *in forma pauperis* in a civil case in federal court, absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C § 1915(g).

**IN CHAMBERS**, at Gainesville, Florida, this 2nd day of April 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.